934 A.2d 699 (2007)
COMMONWEALTH of Pennsylvania, OFFICE OF ATTORNEY GENERAL by Thomas W. CORBETT, Jr., Attorney General, Appellant,
v.
HEIDELBERG TOWNSHIP, Heidelberg Township Board of Supervisors, North Heidelberg Township, North Heidelberg Township Board of Supervisors, Borough of Robesonia, Robesonia Borough Council, Borough of Womelsdorf and Womelsdorf Borough Council, Appellees.
Commonwealth of Pennsylvania, Office of Attorney General by Thomas W. Corbett, Jr., Attorney General, Appellant,
v.
Lower Oxford Township, and Lower Oxford Township Board of Supervisors, Appellees.
Supreme Court of Pennsylvania.
November 21, 2007.

ORDER
PER CURIAM.
AND NOW, this 21st day of November, 2007, the orders of the Commonwealth Court in the instant matters are AFFIRMED.
Justice SAYLOR files a dissenting statement in which Justice EAKIN and BAER join.
Justice SAYLOR, dissenting.
The Attorney General filed petitions for review in the Commonwealth Court's original jurisdiction challenging the validity of several zoning ordinances regulating agriculture, on the ground that they conflict with, and are preempted by, a number of state statutes. In doing so, the Attorney General invoked his express statutory authorization under Act 38 of 2005 to pursue declaratory and injunctive relief relative to township ordinances which purport to regulate agricultural operations. See 3 Pa. C.S. §§ 313(a) (prohibiting generally the adoption or enforcement of "unauthorized local ordinances" regulating agriculture), 315(a) ("The Attorney General may bring an action against the local government unit in Commonwealth Court to invalidate the unauthorized local ordinance or enjoin the enforcement of the unauthorized local ordinance"). The Commonwealth Court dismissed the petitions for review on the ground that they failed to state a cause of action, because they did not aver that the municipalities had attempted to enforce their ordinances.
I do not believe, however, that the Attorney General has an obligation under the statute or otherwise to demonstrate that there is existing enforcement activity. Notably, this Court has generally permitted pre-enforcement challenges to government regulation to proceed on behalf of affected persons. See Arsenal Coal Co. v. DER, 505 Pa. 198, 208, 477 A.2d 1333, 1338 (1984). From my perspective, Act 38 effectively places the Attorney General in the stead of such affected persons relative to ordinances regulating agriculture, given the Commonwealth's "vested and sincere interest" in ensuring the "long-term sustainability of agricultural and normal agricultural operations." 3 Pa.C.S. § 311, Historical and Statutory Notes (Purdon 2006). Notably, the statute expressly authorizes *700 the Attorney General to act at the behest of affected persons upon their request, with no mention of any requirement of enforcement activity. See 3 Pa.C.S. § 314. Indeed, this is what the Attorney General indicates has occurred in the present matters.
As the Attorney General argues, Act 38 was promulgated to vindicate the Commonwealth's substantial interest in sustaining agriculture and to streamline the process of resolving challenges to local ordinances. The Commonwealth Court's holding foreclosing pre-enforcement challenges to existing ordinances by the Attorney General contravenes these salutary purposes.
Thus, I would reverse the Commonwealth Court's order, and I respectfully dissent relative to the majority's per curiam Order of affirmance.
Justice EAKIN and BAER join this dissenting statement.